Law Offices
MORGAN, LEWIS & BOCKIUS LLP
(A Pennsylvania Limited Liability Partnership)
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **VINCENT J. DEVITO, Chairman Trustee of the SCHIFFLI EMBROIDERY WORKERS PENSION FUND,**<br><br>**Plaintiffs,**<br>v.<br><br>**CRAIG FABRICS, INC., and the group of trades or businesses under common ownership and control,**<br><br>**Defendants.** | Civil Action No._____ |

**COMPLAINT**

**JURISDICTION AND VENUE**

1.      This is an action to recover unpaid withdrawal liability, interest, liquidated

damages, and attorneys' fees and costs incurred by an employer pursuant to the Employee

Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension

Plan Amendments Act of 1980, 29 U.S.C. § 1001 et seq.

2.      This Court has jurisdiction of the claims in this Complaint pursuant to Sections

502(e), 502(f), 4221(b)(1), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), 1401(b)(1),

and 1451(c).

3.      Venue is proper in the United States District Court for the District of New Jersey

pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in

that the Schiffli Embroidery Workers Pension Fund is administered in this District, and pursuant

to 29 U.S.C. § 1391, as Plaintiff's claims arose in this District.

## PARTIES

4.      Plaintiff Vincent J. DeVito ("DeVito") is Chairman of the Board of Trustees of

the Schiffli Embroidery Workers Pension Fund (the "Schiffli Fund").  In his capacity as

Chairman, DeVito is a fiduciary of the Schiffli Fund within the meaning of Section 3(21) of

ERISA, 29 U.S.C. § 1002(21), and he is authorized on behalf of the Board of Trustees to bring

this action under Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and

1451(a)(1).

5.      The Schiffli Fund is an "employee pension benefit plan" within the meaning of

Section 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A), and a "multiemployer plan" within the

meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

6.      The Schiffli Fund was created and maintained in accordance with an Agreement

and Declaration of Trust for the purpose of collecting and receiving contributions and providing

pension benefits to eligible participants of the Schiffli Fund.

7.      The Board of Trustees of the Schiffli Fund is the plan sponsor of the Schiffli Fund

within the meaning of Section 4001(a)(1) of ERISA, 29 U.S.C. § 1301(a)(1).  The Trustees are a

joint committee, consisting of members of the United Food and Commercial Workers Union,

Local 1245 (the "Union") and employers that contribute to the Schiffli Fund.

8.      The Schiffli Fund is administered from an address at P.O. Box 787, 390 Main

Road, Montville, New Jersey 07045.

9.      Defendant Craig Fabrics, Inc. ("Craig Fabrics") is an employer within the

meaning of ERISA that contributed to the Schiffli Fund pursuant to the terms of a collective

bargaining agreement with the Union and was obligated thereunder to contribute to the Schiffli

Fund on behalf of its employees covered by the agreement.

10.     Upon information and belief, Craig Fabrics conducted business, at all relevant

times, out of its address at 7014 Jackson Street, Guttenberg, New Jersey 07093.

## COUNT I
## CLAIM AGAINST CRAIG FABRICS FOR WITHDRAWAL LIABILITY

11.     Plaintiff incorporates by reference the previously alleged paragraphs 1 - 10 of the

Complaint as if fully set forth herein.

12.     In or about June 2005, the participating employers of the Schiffli Fund effected a

"mass withdrawal" from the Schiffli Fund, as defined by 29 C.F.R. § 4001.2.

13.     This mass withdrawal resulted in the termination of the Schiffli Fund for purposes

of Section 4041A of ERISA, 29 U.S.C. § 1341a.

14.     Pursuant to Section 4203(a) of ERISA, 29 U.S.C. § 1383(a), such permanent

cessation of all contributions to the Schiffli Fund constitutes a "complete withdrawal" from the

Schiffli Fund.

15.     Pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381, Craig Fabrics is obligated

to pay withdrawal liability to the Schiffli Fund for its proportionate share of the Schiffli Fund's

unfunded vested benefits.

16.     In accordance with Section 4211 of ERISA, 29 U.S.C. § 1391, Craig Fabrics'

withdrawal liability was calculated to be $31,352.00.

17.     By letter dated September 11, 2006, in accordance with Section 4219(b)(1) of

ERISA, 29 U.S.C. § 1399(b)(1), the Schiffli Fund sent Craig Fabrics a written demand for

payment of its withdrawal liability and informed Craig Fabrics of the amount of withdrawal

liability it owed and the schedule for said payments, the first of which was due on January 1, 2007.

18.     By letter dated March 24, 2008, the Schiffli Fund notified Craig Fabrics of its delinquency with regard to its withdrawal liability payments and further explained that if Craig Fabrics failed to make its first payment within sixty (60) days of the letter, the Schiffli Fund would accelerate payment and the entire outstanding balance of withdrawal liability, plus interest, would become due and owing immediately.

19.     By letter dated December 19, 2008, the Schiffli Fund notified Craig Fabrics that it was in default with respect to its annual withdrawal liability payments, and that if Craig Fabrics did not cure its payment default within fourteen (14) days of the letter, it expected to initiate collection litigation.  This letter also notified Craig Fabrics that prompt payment would avoid the need for litigation and a resulting increase in liability for additional interest, liquidated damages, attorneys' fees, and costs required to be awarded to the Fund under ERISA.

20.     Craig Fabrics has never paid any portion of the withdrawal liability owed to the Schiffli Fund and, therefore, has defaulted on its withdrawal liability obligations to the Schiffli Fund under Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A).

21.     Craig Fabrics has waived all administrative remedies for challenging the $31,352.00 assessment of withdrawal liability and is legally precluded from challenging the assessment of withdrawal liability in any forum.

22.     Craig Fabrics owes $31,352.00 in withdrawal liability to the Fund in a lump sum.

23.     The Schiffli Fund is entitled to collect interest on Craig Fabrics' outstanding withdrawal liability calculated from the acceleration date pursuant to Section 4219(c)(6) of ERISA, 29 U.S.C. § 1399(c)(6).

24.     The Schiffli Fund is entitled to collect liquidated damages in the amount of 20% of Craig Fabrics' outstanding balance of withdrawal liability, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

25.     The Schiffli Fund is entitled to recover its costs and attorneys' fees from Craig Fabrics, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

**COUNT II**
**CLAIM AGAINST THE CRAIG FABRICS CONTROLLED GROUP**
**FOR WITHDRAWAL LIABILITY**

26.     Plaintiff incorporates by reference the previously alleged paragraphs 1 - 25 of the Complaint as if fully set forth herein.

27.     For purposes of this Complaint, Craig Fabrics and any  trades or businesses in "common control" with Craig Fabrics within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), shall be called the "Craig Fabrics Controlled Group."

28.     Craig Fabrics and the Craig Fabrics Controlled Group constitute one "employer" for purposes of the withdrawal liability that Craig Fabrics owes to the Schiffli Fund.

29.     Each member of the Craig Fabrics Controlled Group is bound by Craig Fabrics' waiver of administrative remedies.

30.     Pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), Craig Fabrics and the Craig Fabrics Controlled Group are jointly and severally liable for the withdrawal liability that Craig Fabrics owes to the Schiffli Fund.

**WHEREFORE**, Plaintiff respectfully requests judgment:

A.     Finding Defendants jointly and severally liable to the Schiffli Fund for withdrawal liability in the amount of $31,352.00;

B.      Finding Defendants jointly and severally liable to the Schiffli Fund for interest on their unpaid withdrawal liability from the date of acceleration of said liability until the date on which judgment is served;

C.      Finding Defendants jointly and severally liable to the Schiffli Fund for liquidated damages in the amount of 20% of their unpaid withdrawal liability;

D.      Finding Defendants jointly and severally liable to the Schiffli Fund for reasonable attorneys' fees and costs in an amount to be determined by the Court upon subsequent application by Plaintiff;

E.      Ordering Defendants to identify all trades or businesses in "common control" with Craig Fabrics, within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1); and

F.      Ordering such other legal and equitable relief as the Court deems just and appropriate.

Respectfully submitted,


Dated:  Dec. 31, 2012                    /s/ Joy F. Grese
                                         Joy F. Grese
                                         MORGAN, LEWIS & BOCKIUS LLP
                                         101 Park Ave.
                                         New York, NY  10178
                                         (212) 309-6082
                                         Fax:  (212) 309-6000
                                         jgrese@morganlewis.com

Steven D. Spencer*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5714/5085/5975
Fax:  (215) 963-5001
sspencer@morganlewis.com

Attorneys for Plaintiff
* *not yet admitted pro hac vice*